IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02093-BNB

ANDRE DAVID LEFFEBRE,[1]

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY G. LAPPIN,
MICHAEL K. NALLEY,
RON WILEY,
MR. CABLE,
MR. RISKEY,
MR. COLLINS,
MR. FENLON,
RICHARD MADISON, and
U.S. INC.,

Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Andre David Leffebre, is a prisoner in the custody of the United States Bureau of Prisons at United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Leffebre has filed *pro se* a Prisoner Complaint alleging that his rights have been violated. The court must construe the complaint liberally because Mr. Leffebre is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

---

[1] The named Plaintiff in the caption of the Prisoner Complaint is "ANDRE DAVID LEFFEBRE©," with the following description: "Third Party Intervenor, Secured Party/Attorney-in-fact Andre David Leffebre in Behalf of 'ENS LEGIS'/LLC ANDRE DAVID LEFFEBRE©." It is not clear what this means. However, the complaint is signed by Andre David Leffebre and Mr. Leffebre is claiming in this action that his individual rights have been violated. Therefore, the only named Plaintiff in the caption of this order is Andre David Leffebre and the court will refer to Mr. Leffebre as the Plaintiff in this action.

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Leffebre will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Leffebre and finds that it is deficient. First, it is not clear exactly who Mr. Leffebre intends to sue in this action. Mr. Leffebre lists ten Defendants in the caption of the complaint as reflected in the caption of this order. However, he lists only eight Defendants in Section A of the complaint, the section that describes the parties to the action. Mr. Leffebre must clarify in the amended complaint he will be ordered to file exactly who he is suing in this action. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[i]n the complaint the title of the action shall include the names of all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."

The complaint also is deficient because, with the exception of his first claim for relief, Mr. Leffebre fails to set forth a short and plain statement of his claims showing that he is entitled to relief. For example, Mr. Leffebre fails to allege in his second claim what any particular Defendant did to violate his rights. Mr. Leffebre contends in his second claim that he has been denied due process and equal protection because he has been denied access to a typewriter but he does not allege who has denied him access to a typewriter or how being denied access to a typewriter violates his rights to

2

due process and equal protection. Mr. Leffebre's third claim for relief, which does not appear to be asserted against any specific Defendant or Defendants, makes no sense. Mr. Leffebre does identify specific Defendants in connection with his fourth and fifth claims for relief, but he fails to identify the specific actions of the listed Defendants that allegedly violated his rights. Finally, in his sixth claim for relief, Mr. Leffebre does not appear to present any new allegations and merely repeats allegations made in support of other claims in the complaint.

As a result of these pleading deficiencies, the entire complaint is confusing and difficult to understand. Therefore, Mr. Leffebre will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Leffebre is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). It is important that Mr. Leffebre allege specific facts to demonstrate how each named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Leffebre must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d

1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Finally, Mr. Leffebre must present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Leffebre file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Leffebre, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Leffebre fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 27, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  08-cv-02093-BNB

Andre David Leffebre
Reg. No. 02897-078
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on  10/27/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk